# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| JERRY MCKEE, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:19cv00075-KGB-JJV |
| | * | |
| WENDY KELLEY, Director, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Respondent. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## **DISPOSITION**

Jerry McKee filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 31, 2019. (Doc. No. 1.) He alleges, *inter alia*, prospective ineffective assistance of counsel and prosecutorial misconduct. (*Id*. at 2-3.) I say prospective because Mr. McKee has not yet been tried or convicted of the criminal charges he identifies in his Petition.

According to Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts, a Petition under 28 U.S.C. § 2254 can only be brought by "a person in custody under a state-court judgement who seeks a determination that the custody violated the Constitution, laws, or treaties of the United States." Because he is incarcerated pending trial, Mr. McKee does not fit the basic requirements for habeas relief as he is not in custody pursuant to a state-court judgment.

Petitioner also requests that this court stay his pending criminal case in Greene County until his 42 U.S.C. § 1983 cause of action, *McKee v. Asa Hutchinson, et al.*, 3:19CV00022-DPM, "has a chance to go through the federal courts, that it needs to, even through appeals and rewrites if necessary." (Doc. No. 1 at 7.) Petitioner states that if he "cannot get out on bond, to get an

attorney to properly defend [him], [he does] not have a chance of ever winning this case with this court appointed plea bargain attorney." (*Id.* at 2.)

Because Mr. McKee's trial is pending in the Greene County Circuit Court, this Court should abstain from considering the instant federal claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under the rule of *Younger*, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45. Injunctive relief is generally unavailable unless a petitioner can show that he will suffer "irreparable injury" absent injunction. Where a federal injunction is sought against ongoing state criminal proceedings, the standard is even higher:

> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal citation and quotation marks omitted).

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764-5 (9th Cir. 1972.) Courts have defined "unusual circumstances" as claims involving double jeopardy or the right to a speedy trial. *See, e.g., Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the

3

Double Jeopardy Clause.") (citing *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) and *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992).

Mr. McKee fails to justify habeas relief.  His desire to be released to hire his own lawyer is understandable.  However, it wholly fails to serve as justification for the extraordinary relief he seeks.  Therefore, his Petition should be dismissed on this basis alone.

Furthermore, before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene.  *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).  Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. at 749-50).

In sum, Mr. McKee has neither shown the type of extraordinary circumstances that allow this Court to intervene in his ongoing state criminal case nor exhausted his available state court remedies.  Accordingly, after careful consideration of the Petition for Writ of Habeas Corpus, I conclude it should be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  I recommend this action be dismissed without prejudice, so that Petitioner can return

to the state courts and attempt to satisfy the exhaustion requirement. Petitioner may return to federal court, if necessary, after the state courts—including the Arkansas Supreme Court—have reviewed, and decided the merits of, all of the claims that he seeks to present in federal court. See *Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir.1993).

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. This cause of action (Doc. No. 1) should be DISMISSED without prejudice.

DATED this 12th day of February 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE