# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JERRY MCKEE                                                                               PETITIONER

v.                       Case No. 4:19-cv-00075-KGB-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                             RESPONDENT

## ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 7). Petitioner Jerry McKee filed untimely objections and supplemental objections, but the Court will consider Mr. McKee's objections (Dkt. Nos. 9, 11). Mr. McKee also filed several other documents with the Court (Dkt. Nos. 8, 10, 13), as well as a motion for status update (Dkt. No. 12). In its review, the Court has considered the entire record. As an initial matter, the Court grants Mr. McKee's motion for status update (Dkt. No. 12).

Mr. McKee, a pretrial detainee at Greene County Detention Facility, brings this action under 28 U.S.C. § 2254 (Dkt. No. 1). In his petition, Mr. McKee requests that the Court stay his state criminal case (*Id.*, at 2, 7). Mr. McKee also alleges that he has had three court-appointed attorneys and that they have not "function[ed] as [] advocate[s]" for him (*Id.*, at 3). According to Mr. McKee, his Sixth Amendment rights are being violated (*Id.*, at 3-4). Mr. McKee further submits that his bond amount is excessive and violates the Eighth Amendment and the Fourteenth Amendment to the United States Constitution (*Id.*, at 4-5). Finally, Mr. McKee alleges that he has "been refuseing [sic] to give them DNA," but "they pulled blood thru a fake T.B. test and cut part of my goatee off while I was trying to sleep even though the inmate handbook says they cannot do that but they did." (*Id.*, at 8).

In the Proposed Findings and Recommendations, Judge Volpe recommends that Mr. McKee's action should be dismissed without prejudice (Dkt. No. 7). Judge Volpe concluded that, because he is incarcerated pending trial, Mr. McKee does not fit the basic requirements for *habeas* relief under 28 U.S.C. § 2254 as he is not in custody pursuant to a state court judgment (*Id.*, at 2). Judge Volpe also concluded that the Court should abstain from considering the instant federal claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (*Id.*, at 3-4). Finally, Judge Volpe determined that Mr. McKee's petition should be dismissed because Mr. McKee had not yet exhausted state court remedies (*Id.*, at 4). Judge Volpe noted that Mr. McKee could return to federal court, if necessary, after the state courts—including the Arkansas Supreme Court—have reviewed, and decided the merits of, all of the claims that Mr. McKee seeks to present in federal court (*Id.*, at 5).

In Mr. McKee's first set of objections, he largely reiterates the claims from his original petition (Dkt. No. 9). He asserts that he is being denied his Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States and Arkansas Constitutions (*Id.*, at 1). Mr. McKee submits that he is being forced to "self-incriminate" and that he is "not being treated equally as others are" (*Id.*). Mr. McKee represents that he is worried "about going to court" and "getting convicted over an accident," as well as that his *habeas* case will be dismissed (*Id.*). Mr. McKee complains of his "$100,000.00 cash-only bond" and asserts that it is excessive (Dkt. Nos. 1, 9, 11). Mr. McKee submits that, "once [he] get[s] convicted because of [his] Class Y charge[,] [he] can never get a bond again not even on appeals" (*Id.*, at 2).

In Mr. McKee's second set of objections, he "object[s] to anything that is going to let [the Court] dismiss [his case] before [the Court] do[es] something good for [Mr. McKee]" (Dkt. No. 11, at 1). Mr. McKee asserts that he received a letter from "another federal court" indicating that

2

it was "putting [Mr. McKee's] 42 U.S.C. § 1983 on hold for two (2) years" (*Id.*). According to Mr. McKee, that case related to his "$100,000.00 cash-only bond" (*Id.*). Mr. McKee states that he needs a "bond that is reasonably calculated for a poverty stricken person" since he has lived on a monthly disability check for several years (*Id.*, at 2). Mr. McKee argues that, without getting out on bond, he cannot obtain an attorney to defend him (*Id.*). Mr. McKee again argues that his cash-only bond in Arkansas state court violates the United States and Arkansas Constitutions (*Id.*, at 3).

In addition, Mr. McKee repeats the prospective ineffective assistance of counsel argument made in his petition (*Id.*, at 4-6; Dkt. No. 1, at 2-3). Mr. McKee argues that a federal court should not abstain from a state case if it detects bad faith, harassment, or other extraordinary circumstances that would make abstention inappropriate (*Id.*, at 6). Mr. McKee further argues that his double jeopardy rights will be violated because "after this case is over" the Arkansas State Police and Department of Human Services "plan on convicting [him] for the same offense to put [him] in their sex registry" (*Id.*, at 7). Mr. McKee includes in his second set of objections a list of facts pursuant to Arkansas Rule of Criminal Procedure 9.2(c) and argues that "no one has ever asked [him] any of these questions" (*Id.*, at 9-10).

In a notice filed on February 14, 2019, Mr. McKee acknowledges that he is a pretrial detainee and suggests that "[his] 28 U.S.C. § 2251 *habeas corpus* might should be listed as a 28 U.S.C. § 2241 because [he has] not been convicted yet" (Dkt. No. 8). Mr. McKee asserts that he does not want his case dismissed "because it has the wrong statute number on it" and asks if his notice may "[go] with [his] petition" (*Id.*).

The Court has reviewed the Proposed Findings and Recommendations and Mr. McKee's objections, and the Court has conducted a *de novo* review of the record. The Court agrees with Judge Volpe's Proposed Findings and Recommendations over Mr. McKee's objections and agrees

that dismissal without prejudice of this action is appropriate for the reasons stated by Judge Volpe. In the Court's view, the question at this stage is whether recharacterizing Mr. McKee's case as a 28 U.S.C. § 2241 case, as he requests in the notice, would result in a different outcome for Mr. McKee's case. For the following reasons, the Court concludes that it would not result in a different outcome.

A state court defendant attempting to litigate the authority of his pretrial detention may bring a *habeas* petition pursuant to 28 U.S.C. § 2241. *See Howell v. Childrey*, 2019 WL 1207867, at *1 (E.D. Mo. March 14, 2019) (citing *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)); *see also Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) ("Section 2241 has been recognized as a potential source of habeas review for *state* pretrial detainees.") (citing, *inter alia*, *Palmer v. Clarke*, 961 F.2d 771 (8th Cir. 1992); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981)) (emphasis in original). The petitioner must be "in custody," 28 U.S.C. § 2241(c), and must have exhausted his available state remedies. *See Reed v. Fox*, 2013 WL 3853207, at *2 (E.D. Ark. July 13, 2013); *see also Raymond v. Shue*, 2018 WL 4926335, at *4 (W.D. Ark. Sept. 27, 2018) (citing *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981); *Dickerson*, 816 F.2d at 225) ("Although . . . 28 U.S.C. § 2241 [does not] include[] a statutory exhaustion requirement comparable to that found in 28 U.S.C. § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require exhaustion of all available state remedies."), *adopted by Raymond v. Shue*, 2018 WL 4924024 (W.D. Ark. Oct. 10, 2018).

According to VINELink as of the date of this Order, Mr. McKee remains in pretrial detention at the Greene County Detention Center.[1] The Court has also reviewed the docket in Mr. McKee's pending state criminal case, Case No. 28CR-18-641.[2] Nothing on the docket indicates that the case has reached a disposition. Accordingly, Mr. McKee is "in custody" as required under 28 U.S.C. § 2241(c).

With respect to exhaustion of state court remedies, the Court determines that Mr. McKee has not exhausted his claims in state court. As to Mr. McKee's excessive bail claim, Mr. McKee has provided to the Court no record evidence that he has availed himself of state court review. *See Trujillo v. State*, 483 S.W.3d 801 (Ark. 2016) ("The remedy of the writ of certiorari is appropriate to review bail-bond proceedings.") (citing *Foreman v. State*, 875 S.W.2d 853 (Ark. 1994)). As to Mr. McKee's prospective ineffective assistance of counsel claims, Mr. McKee's case has not yet reached a disposition in state court, and therefore, he has not exhausted his state court remedies as to that claim.

As to Mr. McKee's claim that jail officials took blood samples from Mr. McKee and cut his goatee, a writ of *habeas corpus* "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A writ of *habeas corpus* is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of

---

[1] The Court located Mr. McKee through https://vinelink.vineapps.com/search/AR by using his ID number provided in a notice of jail account information sheet that Mr. McKee filed in another Eastern District of Arkansas case on May 13, 2019 (*McKee v. McMillion*, Case No. 3:19-cv-00141-KGB, Dkt. No. 7).

[2] *See* https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backba=P&case_id=28CR-18-641&begin_date=&end_date=.

its duration." *Id.* at 489. Even if Mr. McKee had exhausted his state court remedies with respect to this claim, this claim relates to the conditions of his confinement, not the constitutionality of his physical confinement or the shortening of its duration. If Mr. McKee wishes to pursue claims based on the conditions of his confinement, he must do so in a separate action.

Even if Mr. McKee had exhausted his state court remedies with respect to his claims so that he could proceed in this Court under 28 U.S.C. § 2241, the Court agrees with Judge Volpe that *Younger* abstention is warranted in this case. In *Younger*, the Supreme Court held that federal courts should abstain from interfering in ongoing state-court proceedings. The Supreme Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Younger*, 401 U.S. at 44.

Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Id.* at 43-45; *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012); *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010). If these three elements are satisfied, the court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions, though, must be narrowly construed. *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances

must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Id.* at 779 (internal citation omitted).

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from[,] and the case concluded in state courts." *Drury v. Cox*, 457 F.2d 764, 765 (9th Cir. 1972). Courts have defined "unusual circumstances" as claims involving double jeopardy or the right to a speedy trial. *See, e.g., Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause.") (citing *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) and *Palmer*, 961 F.2d at 774).

The Court determines that Mr. McKee's claims do not rise to the level of extraordinary circumstances that would warrant this Court's intervention in his ongoing state criminal proceedings. Though Mr. McKee alleges a double jeopardy violation in his second set of objections, the Court finds that this claim is not appropriate at this stage of litigation, as Mr. McKee has not yet been tried or convicted in the underlying state criminal case (Dkt. No. 11, at 7). Further, with respect to the merits of Mr. McKee's double jeopardy claim, he purports to base the claim on anticipated proceedings to place him on Arkansas' sex offender registry; other courts have found that registration as a sex offender is not punishment under the Double Jeopardy Clause. *Setzke v. Norris*, 2009 WL 723244, at *17 (W.D. Ark. March 17, 2009) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1254 (10th Cir. 2000); *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999); *E.B. v. Verniero*, 119 F.3d 1077 (3rd Cir. 1997)); *see also Kellar v. Fayetteville Police Department*, 5 S.W.3d 402

7

(Ark. 1999) ("[W]hile there may be some punitive characteristics inherent in the registration and notification statute under Arkansas' Registration Act, the Act is essentially regulatory and therefore non-punitive in nature."). Mr. McKee's claims do not warrant the Court's intervention in his ongoing state criminal proceedings. Accordingly, even if Mr. McKee had exhausted state court remedies on his claims and could proceed under 28 U.S.C. § 2241, *Younger* abstention would be appropriate.

For these reasons, the Court adopts Judge Volpe's Proposed Findings and Recommendations as its findings in all aspects and dismisses without prejudice Mr. McKee's petition (Dkt. No. 7).

It is so ordered this 15th day of August, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge